IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MIGUEL VINDEL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MG GROUP, LLC, DOMINIC GODBOLD, and AARON MIDDLEBURG,<br><br>　　　　　Defendants. | CIVIL ACTION NO.:<br><br><br>COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Miguel Vindel, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Jonathan M. Kirkland, files his Complaint against defendants MG Group, LLC, Dominic Godbold, and Aaron Middleburg for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

## NATURE OF THE ACTION

1.　　This is an action by Miguel Vindel ("Plaintiff") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by MG Group, LLC, Dominic Godbold, and Aaron Middleburg ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the FLSA.

2.　　Plaintiff seeks to recover from Defendants unpaid wages earned during the past three years, interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id.*

## JURISDICTION

3.　　The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question) and 29 U.S.C. § 216(b) ("FLSA").

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Miguel Vindel

5. Plaintiff Miguel Vindel ("Plaintiff Vindel") is a resident of Louisiana.

6. Plaintiff Vindel was hired by Defendants in approximately September of 2012.

7. Plaintiff Vindel worked for Defendants in Louisiana.

8. Plaintiff Vindel worked as a painter.

9. Defendants paid Plaintiff Vindel $16 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $16 per hour.

10. Defendants paid Plaintiff Vindel with checks bearing the name "MG Group, LLC".

11. At all relevant times, Plaintiff Vindel was an "employee" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant MG Group, LLC

12. Defendant MG Group, LLC ("MG") is a corporation organized under the laws of Louisiana with its principal place of business in Metairie, Louisiana.

13. Defendant MG is in the business of providing kitchen and bath remodeling services at jobsites in Louisiana.

14. Defendant MG supervised the day-to-day work activities of Plaintiff.

15. Defendant MG determined Plaintiff's work schedule for the employment at issue herein.

16. Defendant MG maintains an employment file for Plaintiff.

17. Defendant MG is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

18. Defendant MG is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### **Defendant Dominic Godbold**

19. Defendant Dominic Godbold is an owner, President, Manager, and Director of Defendant MG.

20. At all pertinent times herein Defendant Dominic Godbold had the authority to hire and fire MG employees, including the Plaintiff herein.

21. At all pertinent times herein Defendant Dominic Godbold maintained executive authority over the jobs MG employees were provided, including the location, duration, and rate-of-pay for those jobs.

### **Defendant Aaron Middleburg**

22. Defendant Aaron Middleburg is an owner, President, Manager, and Director of Defendant MG.

23. At all pertinent times herein Defendant Aaron Middleburg had the authority to hire and fire MG employees, including the Plaintiff herein.

24. At all pertinent times herein Defendant Aaron Middleburg maintained executive authority over the jobs MG employees were provided, including the location, duration, and rate-of-pay for those jobs.

### **FACTUAL ALLEGATIONS**

25. Defendant MG provides kitchen and bath remodeling services at jobsites in Louisiana.

26. Defendant MG employs approximately 10-20 employees at various job sites.

27. Defendants paid Plaintiff by check.

28. Plaintiff normally worked more than (40) hours a week for the Defendants. Defendants often required Plaintiff to work six days per week.

29. Defendants never paid Plaintiff one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

30. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COUNT I

## Fair Labor Standards Act

31. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least September of 2012 and continuing until June of 2019.

33. As a consequence of Defendants' FLSA violations, Plaintiff is entitled to recover his unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

d. Awarding Plaintiff reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan M. Kirkland*
_____

Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Jonathan Mille Kirkland (#37937)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
jmk@beaumontcostales.com

*Attorneys for Plaintiff*